UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALINE C. ANTHONY** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 06-982-JJB-DLD** |
| **MICHAEL J. ASTRUE,**<br>**COMMISSIONER OF SOCIAL**<br>**SECURITY** | |

## REPORT AND RECOMMENDATION

This matter is before the court for a report and recommendation on plaintiff's appeal from an unfavorable decision of the Commissioner of Social Security Administration ("the Commissioner") denying her claim for disability insurance benefits.

*Background*

The plaintiff filed for disability benefits on September 11, 2003, alleging disability due to arthritis, Achilles tendinitis, plantar fasciitis, and knee chondromalacia.  The application was denied, and on February 17, 2005, a hearing was held before an ALJ.  The claimant was represented by an attorney at the hearing, and vocational expert testimony was used.  The ALJ found the claimant not disabled in a Decision dated August 23, 2005, and this action for judicial review pursuant to 42 U.S.C. §405(g) followed.

In his decision, the ALJ found that the claimant had the severe impairments of Achilles tendinitis and arthritis of the knee, but that these impairments, singly or in combination, did not meet or equal an impairment listed in Appendix 1, Subpart P, Regulations No. 4.

The ALJ found that the claimant had the residual functional capacity for light work. In making that determination, the ALJ stated that he relied on the medical evidence and the testimony of the claimant, to determine that her allegations of pain and functional limitations were not of the severity and persistence described by the claimant. The ALJ stated that "it appears from the weight and preponderance of all of the credible evidence of record, including the medical evidence and testimony that the pain is not of such persistence or severity as to be disabling. The undersigned finds that the claimant's description of her daily activities contradict her allegations of total disability. Having canvassed the claimants' hearing testimony, along with the totality of evidence in the record, I find that the claimant's complaints of adverse symptomology are not believable to the extent alleged." (R22).

In his review of her medical records, the ALJ noted that claimant had had knee surgery, and an Achilles tendinitis debridement with spur removal subsequent to her claim. (R21). The ALJ also recited the progress notes by Karl Kleinpeter, Physical Therapist, post ankle surgery, and noted that Kleinpeter had written that she "had pain with full weight bearing of her left lower extremity." (R21). The ALJ also noted that Kleinpeter, on September 28, 2004, stated that she had "show[ed] good improvement in her range of motion of her left ankle and better tolerance to walking and better strength but she still had pain with prolonged walking and full weight bearing of her left lower extremity (R21).

In reviewing the claimant's testimony, the ALJ acknowledged that the claimant testified that she still has a walking cane and sleeps in a night splint, that she still has pain and swelling, and that "the medications helped just a little bit." (R21). The ALJ also acknowledged that she stated that she has to "sit and elevate her foot for relief. . .[S]he stands and walks for 5 to 10 minutes and then has pain, swelling and burning. She does

not do anything else for pain. . .She keeps her leg elevated 80% of the day." (R21,22).

In assessing her residual functional capacity, the ALJ also wrote that he used a residual functional capacity "reached by a physician employed by the state disability determination service" which "supports a finding that the claimant could perform work at the light exertion [sic] level."(R22). The court notes that this state agency RFC (R96-R103) is not dated or signed, and the individual completing the form is unknown. The date the RFC was received by disability determinations was apparently October 9, 2003. (R96). The date of the claimant's ankle surgery was May 25, 2004, well after the state agency RFC.

In his Decision, the ALJ described light work as follows:

Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing or pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, an individual must have the ability to do substantially all of these activities....(R23,24).

At the hearing, the vocational expert, being questioned by the ALJ, testified regarding the category of light work, as follows:

Q. Assume for the purpose of this hypothetical that I find that the claimant could perform a limited range of light work, and the principle limitation first I want to talk about is that claimant would be limited as far as standing part of, standing or walking part of light work activity to four hours a day by six which would be the full range of light work, I believe. With that limitation, are there jobs that exist n the regional or national economy such a claimant could perform?

A.  Did you say standing and walking was limited to four total out of - -

Q. Yeah.  Four hours of an eight-hour day.  Does that, by definition, get us to the sedentary or light?

A.  Well, my definition and the Department of Labor's definition, the cardinal feature of light work is one of two things.  Primarily either the ability to stand

or walk say at least six hours out of an eight-hour day or there is some jobs where there would be foot and hand operation that might actually in terms of exertion be sedentary but thrown into a light. But the cardinal feature of light work is the ability to be on one's feet either standing and walking for most of the day. And so by definition your hypothet throws her into the sedentary range.

Q. So it would be your testimony then that there is no work that is in the Dictionary of Occupational Titles listed as light, which requires four or fewer hours of standing.

A. That's correct.
(R303).

### *Arguments of Parties*

In her sole assignment of error, the claimant argues that "[T]he ALJ erred by considering, providing weight to, and accepting a document as a medical report despite the document being unsigned and undated in violation of SSR 96-6p and 20 C.F.R. §404.1512-1518."[1] The claimant further argues that this error was not harmless, as had the ALJ found that she was limited to sedentary work, he "would have concluded that the plaintiff is disabled under Grid Rule 201.10, a claimant who is between ages 50 and 55 with a high school education and past relevant work at the light exertional level or heavier that is semi-skilled or skilled with skills that are not readily transferable to sedentary work is disabled if sedentary work is the only work he/she can perform. 20 CFR §404, Subpart P, Appendix 2, Rule 201.10."[2]

In opposition, the Commissioner argues that the ALJ properly assessed the claimant's residual functional capacity by considering all of the relevant evidence, and not

---

[1] *Plaintiff's Memorandum in Support of Her Claim for Relief* (rec. Doc. 6), p. 3.

[2] *Plaintiff's Memorandum in Support of Her Claim for Relief* (rec. doc. 6), p. 12.

just the unsigned state agency RFC.  In any case, the Commissioner argues that the ALJ properly considered the state agency physician's RFC assessment, as it does not have to be signed to be considered.  The Commissioner argues that the regulation which requires signature, 20 C.F.R. § 404.1519n(e), simply exists to provide instruction to consultative examiners about how to fill out the form, and that Fifth Circuit case law does not require procedural perfection in administrative proceedings.[3]

The Commissioner summarized the relevant medical evidence reviewed by the ALJ as follows:

> The ALJ considered that Dr. Knatt performed Achilles tendon debridement with spur removal on May 25, 2004.  On June 9, 2004, Plaintiff related that she had no complaint and was "doing well."  On July 8, 2004, Plaintiff stated that her left heel felt better after surgery.  Dr. Knatt recommended "activity as tolerated."
>
> Dr. Knatt referred Plaintiff to physical therapy after removing her cast in late August 2004.  On August 25, 2004, Plaintiff complained to the physical therapist that she experienced constant pain in her Achilles tendon that worsened with walking or standing.  The physical therapist reported that Plaintiff's rehabilitation potential was "good."
>
> The physical therapist noted improvement on September 10, 2004.  On September 21, 2004, Plaintiff reported continued progress.  The physical therapist assessed improved mobility and decreased pain of the left ankle and Achilles tendon.
>
> The ALJ emphasized the physical therapist's September 28, 2004, report.  The physical therapist related that over eight visits he had treated Plaintiff with 'modalities for pain and swelling' along with a therapeutic exercise program for range of motion and strengthening of the left ankle and lower leg.  She also received gait training with and without crutches.  The ALJ emphasized that the physical therapist opined that Plaintiff had "shown good improvement in her range of motion of her left ankle and better tolerance to walking and better strength."  The ALJ also considered that the physical

---

[3]*Defendant's Opposition Memorandum* (rec. doc. 8), p. 9, citing *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988).

therapist indicated that Plaintiff "still has pain with prolonged walking and full weight bearing of her left lower extremity."[4]

Therefore, the Commissioner argues, the ALJ's assessment of claimant's residual functional capacity was not based solely on the state agency RFC, but "on a thorough analysis of Plaintiff's medical records, including Dr. Jacks' treatment notes, the physical therapy progress reports showing improvement, the state agency's residual functional capacity assessment, and Plaintiff's own statements."[5]

***Governing Law***

The Social Security Act provides for the payment of benefits to persons who have contributed to the program and "who suffer from a physical or mental disability." *Loza v. Apfel*, 219 F.3d 378, 390 (5th Cir. 2000), *citing* 42 U.S.C. § 423(a)(1)(D)(1991). As used in the Act, the term "disability" is defined as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period not less than twelve months. *Id.*, *citing* 42 U.S.C. § 423(d)(1)(A); *Bowen v. Yuckert*, 482 U.S. 137, 140, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1987).

To determine whether a disability exists for purposes of the Act, the Commissioner must weigh the following elements of proof: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *Wren v.*

---

[4]*Defendant's Opposition Memorandum* (rec. doc. 8), p. 7.

[5]*Ibid.*, p. 12.

*Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991).

In reviewing the Commissioner's decision to deny disability benefits, this Court is limited to a determination of whether the Commissioner's decision was supported by substantial evidence existing in the record as a whole and whether the Commissioner applied the proper legal standards. *See, e.g., Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988). Substantial evidence means more than a scintilla, but less than a preponderance, and is such relevant evidence as a reasonable mind might accept to support a conclusion. *Id.*

In applying this "substantial evidence" standard, the Court must carefully scrutinize the record to determine if, in fact, substantial evidence supporting the decision does exist, but the Court may not re-weigh the evidence in the record, nor try the issues *de novo*, nor substitute its judgment for the Commissioner's even if the evidence preponderates against the Commissioner's decision. *Id.* A finding of "no substantial evidence" will be made only where there is a conspicuous absence of credible choices or an absence of medical evidence contrary to the claimant's position. *Id.*

However, the substantial evidence standard of review is not a mere rubber stamp for the Commissioner's decision, and it involves more than a search for evidence supporting the Commissioner's findings. *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1983). The Court must scrutinize the record and take into account whatever fairly detracts from the substantiality of evidence supporting the Commissioner's findings. *Id.*

At steps one through four of the five-step sequential analysis, the overall burden of proving disability under the Social Security Act rests on the claimant. *Jones v. Heckler*, 702 F.2d 616, 620 (5th Cir. 1985). The determination of a claimant's residual functional capacity

7

("RFC") between steps three and four is exclusively reserved for the Commissioner rather than for the claimant's physicians. 20 C.F.R. §§ 404.1527(e)(2), 404.1546. If a claimant does not have past relevant work experience, the burden shifts to the Commissioner at step five to show that there is some type of substantial gainful activity in the national economy that the claimant can perform. *Jones*, 702 F.2d at 620.

*Discussion*

The issue before this Court is whether the Commissioner's finding that plaintiff is not disabled is supported by the substantial evidence and was reached by applying the proper legal standards. 42 U.S.C. § 405(g).

The ALJ's finding that the claimant retained the residual functional capacity for light work, which requires an ability to walk or stand for 6 hours out of an 8 hour work day, was not supported by substantial evidence and was reached by applying improper legal standards. That is, the ALJ's consideration of the unsigned FCE was legally improper, the record did not at that point contain sufficient evidence to make an informed decision, but the ALJ did not develop the record adequately. These errors led to a decision unsupported by substantial evidence.

The record shows that after her ankle surgery on May 25, 2004, the claimant was casted because of pain. When the case was removed on August 24, 2004, she was referred to physical therapy. Her physical therapist, on September 28, 2004, indicated that "[S]he has pain at with [sic] full weight bearing of her left lower extremity" and "better tolerance to walking and better strength but she still has pain with prolonged walking and full weight bearing of her left lower extremity." (R233). On September 12, 2005, one of her treating physicians, Dr. Banks, in filling out a Pain Questionnaire, stated that the claimant

had had heel surgery, that planter fasciitis along with her heel spurs could reasonably be expected to produce pain, and that the pain would be expected to increase with activity. In response to the questions "How long is the patient able to stand or walk before having to rest?" Dr. Banks responded "You will have a occupational medicine workup to make this determination." In response to the question "How many minutes of [sic] hours can the patient stand or walk over a 6-hour period of time? He stated "I confer [sic] to occupational medicine." (R286). However, there was never any evaluation, occupational or not, regarding her ability to walk or stand for 6 hours out of an 8 hour work day. The *only* opinion regarding her functional capacities was the unsigned and invalid FCE done pre surgery, sometime between her claimed date of disability on September 11, 2003, and October 9, 2003. Contrary to the Commissioner's argument, the failure to abide by 20 C.F.R. § 404.1519n(e)'s signature requirement is not harmless error, or a failure to achieve procedural perfection. The regulation specifically states that "[A] rubber stamp signature of a medical source or the medical source's signature entered by any other person is not acceptable." The FCE in this matter is even more unreliable than the prohibited "rubber stamp" signature prohibition in the regulation. This FCE contains no signature or date, and the ALJ erred when he gave it any weight at all because it is unclear whether a physician, nurse, or janitor filled this form out. Without the FCE, the ALJ's finding that the claimant had a residual functional capacity for light duty work, was not supported by substantial evidence, as there was not sufficient evidence in the record to made such a decision.

Administrative law judges must fully and fairly develop facts relevant to claims for benefits. *Kane v. Heckler*, 731 F.2d 1216, 1219-1220 (5th Cir.1984); 42 U.S.C. 405(g); 20 C.F.R. 410.640. Failure to carry out this duty constitutes legal error, and precipitates a

9

decision unsupported by substantial evidence. *James v. Bowen*, 793 F.2d 702, 704 (5th Cir.1986); (quoting *Kane v. Heckler*, 731 F.2d at 1219); see also *Brock v. Chater*, 84 F.3d 726 (5th Cir.1996); *Davis v. Califano*, 599 F.2d 1324 (5th Cir.1979); *McGee v. Weinberger*, 518 F.2d 330 (5th Cir.1975).

Regulation 20 C.F.R. § 416.912 establishes a procedure whereby an administrative law judge may further develop the record by re-contacting a claimant's medical sources or by obtaining a further consultative examination. Social Security Ruling 96-2p amplifies this option by describing when additional evidence or clarifying reports may be necessary. The duty to re-contact is triggered when the evidence is insufficient to make an informed determination.

In this case, the evidence before the ALJ was insufficient to permit an informed decision regarding claimant's ability to stand or walk for 6 hours of an 8 hour day, which light duty requires. Her own treating physician, Dr. Banks, deferred a decision on her ability to walk and stand for six hours to an medical occupational assessment, which was never performed. There is simply no valid assessment of this claimant's exertional abilities and limitations in the record. The court therefore concludes that the decision of the ALJ regarding claimant's residual functional capacity is unsupported by substantial evidence due to the ALJ's failure to obtain further medical source opinion.

The failure to have adequate information regarding her functional capacities was not harmless, as an FCE could well have led to a different decision. Her physical therapist noted that she still was experiencing pain at the termination of physical therapy with full weight bearing on her left lower extremity, and although she had better tolerance to walking and better strength (she had been previously casted for pain), she still had pain with

prolonged walking and full weight bearing of her left lower extremity.[6] (R233). And, her treating physician, while deferring to occupational medicine for assessment, did opine that her impairments could be expected to cause pain which would increase with activity. (R286). Therefore, a functional assessment could well have determined that the claimant did not retain the ability to stand or walk for 6 hours in a day, and would not have retained the residual functional capacity for light work. As argued by the claimant, according to the Commissioner's regulations, a residual functional capacity for sedentary work only would apparently dictate a finding of disabled for this claimant.

As an aside, the court notes that there is no evidence that the ALJ considered the side effects of her pain medications, Lortab, Neurontin, and Celexa, and side effects of those medications and other medications, on her ability to work. There is also no indication that the ALJ was made aware of, or considered, depression as a possible impairment. In the record, on January 6, 2004, the claimant sought treatment from Dr. Jerry Sanders, psychiatrist, for stress and depression. She was prescribed Seroquel and Lexapro, and was given a global assessment of functioning of 51. She was described as having moderately impaired judgment, and moderately impaired insight. (R182).

***Recommendation***

Accordingly, pursuant to the fourth sentence of 42 U.S.C. § 405(g), the Magistrate

---

[6]Harmless error analysis applies to when an ALJ fails to comply with a regulation. See *Frank v. Barnhart*, 326 F.3d 618, 622 (5th Cir.2003), and violation of a social security ruling merits remand only when a claimant affirmatively demonstrates prejudice. *Hall v. Schweiker*, 660 F.2d 116, 119 (5th Cir.1981) (citing *Pacific Molasses Co. v. F.T.C.*, 356 F.2d 386 (1966)); see also *Morton v. Ruiz*, 415 U.S. 199, 94 S.Ct. 1055, 39 L.Ed.2d 270 (1974). Prejudice is established by showing that additional evidence could have been produced, and that evidence might have led to a different decision. *Newton v. Apfel*, 209 F.3d 448, 458 (5th Cir.2000) citing *Ripley*, 67 F.3d 557 (5th Cir.1995).

Judge recommends that final judgment be entered reversing the decision of the Commissioner denying benefits and remanding the matter to the Commissioner for further proceedings consistent with the opinion of the Court, including the presentation of any further relevant evidence developed by the parties.[5]

The Magistrate Judge further recommends that the Commissioner be directed to forward a copy of the Court's opinion and report to the ALJ hearing the matter on remand.

Signed in Baton Rouge, Louisiana, on January 29, 2008.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**

---

[5] See *Brenem v. Harris*, 621 F.2d 688, 690 n. 1 (5th Cir. 1980)(". . . with a remand ordered the hearing shall cover all pertinent evidence," including evidence that might not otherwise warrant a remand for new evidence).  Relevant evidence may include evidence subsequent to the prior decision and/or subsequent to the expiration of insured status where such evidence is relevant to the determination of whether an impairment existed as well at an earlier time.  See also, e.g., *Ivy v. Sullivan*, 898 F.2d 1045, 1048 (5th Cir. 1990).

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALINE C. ANTHONY** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 06-982-JJB-DLD** |
| **MICHAEL J. ASTRUE,** **COMMISSIONER OF SOCIAL** **SECURITY ADMINISTRATION** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have ten days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on January 29, 2008.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**